## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TYREE LAWSON,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**WILLIAM BLOSS, Sued in his** )<br>**Individual Capacity, et al.,** )<br>)<br>**Defendants.** ) | **Case No. 1:17-cv-38-SPB** |

### MEMORANDUM ORDER

This prisoner civil rights action was received by the Clerk of Court on February 13, 2017 and was referred to the undersigned, then a United States Magistrate Judge, for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. On May 2, 2018, Plaintiff filed his Amended Complaint, the operative pleading in this case. ECF No. 55.

Plaintiff's Amended Complaint sets forth a claim against Defendants William Bloss and James Wolfgang pursuant to 42 U.S.C. §1983 for an alleged violation of Plaintiff's First Amendment right to access the courts. Specifically, Plaintiff alleges that, while he was incarcerated in the State Correctional Institution at Forest, the Defendants withheld an Order issued by the United States Court for the Eastern District of Pennsylvania on June 27, 2016 in Case Number 2:14-cv-1399 that granted him leave, *nunc pro tunc,* to appeal an order concerning the dismissal of his petition for habeas corpus relief. Plaintiff claims that, because the Defendants failed to deliver the June 27, 2016 Order within the period allowed for a belated appeal, the Defendants essentially denied him access to an appeal.

On September 14, 2018, the undersigned was sworn in as a United States District Judge. Four days later, this action was transferred to the undersigned as presiding judge. On September 27, 2018, the case was referred to United States Magistrate Judge Richard A. Lanzillo for all pretrial proceedings. ECF No. 71.

On November 26, 2018, Plaintiff filed a motion for summary judgment, supporting brief, statement of undisputed facts, and appendix. ECF Nos. 82, 83, 84, 85. Defendants William Bloss and James Wolfgang filed their opposing brief and counterstatement of material facts on December 28, 2018. ECF Nos. 91, 92. In their opposition papers, Defendants argued that Plaintiff's claim must be dismissed for two reasons: (1) it fails to state an actual case and controversy under Article III of the U.S. Constitution because it is moot and this Court therefore lacks jurisdiction to hear the case; and (2) even if jurisdiction exists, Plaintiff's claim fails on the merits in that he cannot prove actual injury. ECF No. 91 ¶2. Defendants explain that, in fact, Plaintiff's appellate case was docketed with the United States Court of Appeals for the Third Circuit and the appeal proceeded forward. Id. ¶4. Moreover, Plaintiff was successful in obtaining a new trial in a Post-Conviction Relief Act petition at the state trial level, and the Commonwealth ultimately *nolle prossed* the criminal charges that were the subject of his federal habeas corpus petition in Civil Action No. 14-1399. Id. ¶5. Thus, Plaintiff obtained "the most successful outcome that a litigant could hope for in such a circumstance." Id. Finally, Plaintiff is currently serving a sentence on a conviction from Montgomery County that will result in his imprisonment until at least June 1, 2029. Id. Accordingly, it is Defendants' position that Plaintiff can never demonstrate actual injury as a result of their alleged misconduct. Id.

On April 1, 2019, Judge Lanzillo issued a Magistrate Judge's Report and Recommendation ("R&R") recommending that Plaintiff's motion for summary judgment be

denied and the Amended Complaint be dismissed for lack of jurisdiction. ECF No. 116. Plaintiff

filed objections, and certain amendments thereto, on April 15, 2019 and April 19, 2019,

respectively. ECF Nos. 120, 121.

In his objections, Plaintiff contends, among other things, that he never received

Defendants' submissions in opposition to his pending summary judgment motion, or the

Defendants' contemporaneously filed submissions in support of their own motion for summary

judgment, which were predicated on the very same arguments set forth above. Notably though,

Defendants -- in response to these very complaints -- withdrew their original Rule 56 papers and

re-served/re-filed them on April 1, 2019. See ECF Nos. 110, 111, 112, 113. Therein,

Defendants once again re-asserted the same central arguments set forth above. Plaintiff has since

had an opportunity to review and respond to Defendants' arguments, as set forth in Plaintiffs'

filings in opposition to Defendants renewed motion for summary judgment. *See* ECF Nos. 126,

127, 128, 129. Out of an abundance of caution, the Court has reviewed all of the foregoing

filings submitted by Plaintiff and has construed them as objections to the pending Report and

Recommendation.

Having done so, the Court finds the recommendations of the Magistrate Judge to be well-

taken. Not only did Plaintiff lodge a federal appeal in his habeas case, but the appellate docket

shows that Plaintiff's appeal was ultimately dismissed on merit-related grounds – *to wit,* because

there was no basis for the issuance of a certificate of appealability and because Plaintiff had not

obtained leave to assert a second or successive petition as to any new claims being raised. *See*

*Lawson v. Superintendent Forest SCI,* No. 16-3228 (3d Cir. Nov. 23, 2016). In other words,

Plaintiff's appeal was *not* dismissed on the basis of being untimely. This Court also notes that

the underlying habeas case from which Plaintiff sought to take an appeal was not dismissed with

prejudice but, rather, was dismissed *without prejudice* as *premature*, since Plaintiff had not yet at that point exhausted his state court remedies. *See Lawson v. Superintendent of SCI Forest M. Overmyer,* Case No. 2:14-cv-1399 (E.D. Pa., June 4, 2015) (ECF No. 18). Once Plaintiff did so, as noted, he was successful, first in getting a new trial, and ultimately in getting the charges dropped. Indeed, Plaintiff acknowledges as much in his own averments. *See* ECF No. 129, ¶¶27, 28.

Significantly, the aforementioned jurisdictional defects in Plaintiff's Amended Complaint are self-evident based upon various court filings that are matters of public record, of which this Court may take judicial notice. Further, this Court is required by Federal Rule of Civil Procedure 12(h)(3) to dismiss a claim at any time if it concludes that subject matter jurisdiction is lacking. Consequently, regardless of what Defendants may have asserted in their various filings, this Court is independently obligated to consider the fact that Plaintiff's First Amendment "denial-of-access-to-courts" claim fails to present an Article III case or controversy.

In sum, after *de novo* review of the complaint and documents in the case, together with the Report and Recommendation and Plaintiff's objections and amended objections to the R&R, the following order is entered:

AND NOW, this 26th day of July, 2019;

IT IS ORDERED that the Plaintiff's motion for summary judgment [82] be, and hereby is, DENIED.

IT IS FURTHER ORDERED that the Amended Complaint [55] be, and hereby is, DISMISSED without leave to amend due to the Court's lack of jurisdiction. Consistent with this Order, the Clerk is directed to mark this case "CLOSED."

FINALLY, IT IS ORDERED that the Report and Recommendation of Magistrate Judge Lanzillo, issued on April 1, 2019, ECF No. [116], be, and hereby is, adopted as the opinion of this Court.


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge


cc:     TYREE LAWSON
        JW2704
        SCI Phoenix
        P.O. Box 244
        Collegeville, PA 19426-0244
        (via U.S. Mail)

        All counsel of record (via CM/ECF)

        The Honorable Richard A. Lanzillo (via CM/ECF)