IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYREE LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-38-SPB |
| | ) |
| WILLIAM BLOSS, Sued in his | ) |
| Individual Capacity, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court is Plaintiff's "Rule 60(b)(3) Motion for Relief" from the undersigned's July 26, 2019 order adopting the Magistrate Judge's Report and Recommendation and dismissing the within action for lack of subject matter jurisdiction. See ECF Nos. 149 and 135. The basis for Plaintiff's motion is alleged "fraud" on the part of former defense counsel in the underlying proceedings. Plaintiff appears to claim that defense counsel misrepresented the facts in her Rule 56 filings when she argued that Plaintiff's First Amendment "access to courts" claim failed to present a justiciable case or controversy.

Also pending before the Court is Plaintiff's "Motion for Default Judgment." ECF No. 152. The basis for this motion is the Defendants' failure to respond to Plaintiff's pending Rule 60(b)(3) motion within the time frame established by the Court. See ECF No. 150.

(i)   Plaintiff's Rule 60(b)(3) Motion

Rule 60(b)(3) of the Federal Rule of Civil Procedures authorizes relief from a final judgment, order, or proceeding based on "fraud . . . , misrepresentation, or misconduct by an opposing party." "'To prevail, the movant must establish that the adverse party engaged in fraud

1

or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case.'" *United States v. Johnson*, No. CR 12-52, 2018 WL 10016821, at *1 (W.D. Pa. Aug. 31, 2018) (quoting *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983)). "Proof of fraud must be clear and convincing." *Id.* (citing *Emerson-West v. Redman*, 630 F. Supp. 2d 373, 377 (D. Del. 2009)).

   Having fully reviewed Plaintiff's motion, the Court finds no basis – let alone a "clear and convincing" basis – for concluding that defense counsel engaged in fraud, misrepresentations, or other misconduct in the manner alleged.  At issue is defense counsel's recitation of the relevant procedural history of Plaintiff's habeas corpus proceedings in the United States District Court for the Eastern District of Pennsylvania, his ensuing appeal to the United States Court of Appeals for the Third Circuit, and his subsequent state court proceedings under the Pennsylvania Post Conviction Relief Act.  Having previously taken judicial notice of such events, the Court finds no error in defense counsel's summary of the relevant events.  At most, Plaintiff has demonstrated his own disagreement with opposing counsel's interpretation of these events.

   Even if Plaintiff *had* presented evidence of misconduct on the part of defense counsel, however, his motion would still be unavailing because the Court's July 26, 2019 order of dismissal was predicated upon its own independent analysis of public records, of which it took judicial notice.  To that end, the undersigned previously explained that "regardless of what Defendants may have asserted in their various filings, this Court is independently obligated to consider the fact that Plaintiff's First Amendment 'denial-of-access-to-courts' claim fails to present an Article III case or controversy."  ECF No. 135 at 4.  On that basis alone, the Court determined that it must dismiss the within action for lack of subject matter jurisdiction.  Id.

Thus, Plaintiff has not shown that any alleged misconduct on the part of former defense counsel prevented him from fully and fairly presenting his case to this Court.

At bottom, Plaintiff's Rule 60(b)(3) motion – like his prior motion seeking reconsideration of the Court's July 26, 2019 order, ECF No. 147 – appears to offer nothing more than a rehash of the same basic arguments that were previously raised by him and rejected by the Court. Because Plaintiff has failed to satisfy his "heavy burden" for establishing a basis for relief under Rule 60(b), *see Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (quoting *Plisco v. Union R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967)), his motion will be denied.

(ii)     Plaintiff's Motion for Default Judgment

It follows from the foregoing analysis that Plaintiff's "Motion for Default Judgment" must also be denied. As noted, this motion appears to be predicated upon the Defendants' failure to respond to Plaintiff's pending Rule 60(b)(3) motion within the time frame established by the Court

Plaintiff's request for default judgment is misguided because the Defendants' failure to timely respond to his Rule 60(b)(3) motion is not the procedural equivalent of a defendant's failure to defend against a Rule 8 complaint. See Fed. R. Civ. P. 7 (delineating the types of "pleadings" that are recognized under the federal rules); Fed. R. Civ. P. 8(a) (discussing the requirements of a "pleading that states a claim for relief"); Fed. R. Civ. P. 55 (discussing the parameters and requirements for a default judgment). Here, no cognizable claims are presently before the Court because, for reasons previously explained, the Court found that no judiciable case or controversy existed, and it dismissed this civil action for lack of subject matter jurisdiction. Consequently, the Court has no jurisdictional basis for entering judgment in favor of Plaintiff.

Moreover, to the extent Defendants were tardy in responding to Plaintiff's motion, the Court has the discretion to extend their response deadline where excusable neglect has been shown. See Fed. R. Civ. P. 6(b)(1)(B). Whether or not the Court finds excusable neglect in this case, however, the result is the same: Plaintiff has failed to demonstrate a basis for relief of the Court's July 26, 2019 Order dismissing this civil action for want of subject matter jurisdiction. Accordingly, Plaintiff's motion for default judgment will be dismissed as moot, as there is no judiciable claim before the Court and therefore no basis for entry of a default judgment.

An appropriate Order follows.

*Susan Paradise Baxter*

SUSAN PARADISE BAXTER
United States District Judge